## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

ERIC GAY, )
)
              Plaintiff, )
)
v. )        Case No. CIV-19-00755-PRW
)
UNITED SERVICES AUTOMOBILE )
ASSOCIATION, )
)
           Defendant. )

## **ORDER**

Before the Court are three related motions: (1) USAA Casualty Insurance Company's Motion to Substitute Proper Party Defendant (Dkt. 5); (2) Plaintiff's Motion to Remand and Brief in Support (Dkt. 7); and (3) Plaintiff's Alternative Motion to Conduct Jurisdictional Discovery and for Stay of Ruling on Plaintiff's Motion to Remand and Brief in Support (Dkt. 8). USAA Casualty Insurance Company filed Responses and Objections (Dkts. 9 & 10) to Plaintiff's motions, and three days later Plaintiff filed only a Reply (Dkt. 15) in support of his request to remand. Plaintiff then requested leave to belatedly file a response to USAA Casualty Insurance Company's motion, which the Court allowed. Plaintiff then filed a Response in Opposition (Dkt. 17), and USAA Casualty Insurance Company filed a Reply in Support (Dkt. 18).

For the reasons discussed below, the Court grants Plaintiff's Motion to Remand and denies as moot USAA Casualty Insurance Company's Motion to Substitute Proper Party

Defendant and Plaintiff's Alternative Motion to Conduct Jurisdictional Discovery and for Stay of Ruling on Plaintiff's Motion to Remand.

### *Procedural Background*

On July 24, 2019, Plaintiff Eric Gay, an Oklahoma citizen, filed suit against Defendant United Services Automobile Association ("USAA") in the District Court for Oklahoma County. In his state-court Petition, Plaintiff alleges Defendant "is an unincorporated reciprocal insurance exchange," which he defines as "a form of insurance organization in which subscribers or members (policyholders) exchange insurance contracts and spread the risk associated with those contracts among themselves."[1] Because those policyholders include citizens of the State of Oklahoma, Plaintiff alleges that Defendant "is a citizen of the State of Oklahoma as well as the other states in which it does business as a reciprocal insurance exchange."[2] Plaintiff further alleges he "was insured under an automotive policy issued by USAA which included uninsured/underinsured motorist coverage."[3]

Plaintiff asserts that he was injured in a motor vehicle accident on January 31, 2017, by the negligence of an underinsured motorist and that he thereafter submitted an UIM claim to USAA.[4] Plaintiff further alleges that USAA breached both the contractual terms of the insurance policy and the duty to deal fairly and in good faith with its insured by

---

[1] Pl.' Pet. (Dkt. 1, Ex. 1) ¶ 2, at 1.

[2] *Id.*

[3] *Id.* ¶ 3, at 1.

[4] *Id.* ¶¶ 4, 6, at 1–2.

failing to investigate his claim properly, denying portions of his UIM claim, and not paying enough on his UIM claim.[5] As such, Plaintiff seeks to recover compensatory damages for "the loss of policy benefits, physical bodily injury, medical expenses, lost wages, emotional distress, embarrassment, and financial hardship and other consequential damages," as well as punitive damages.[6] Pursuant to section 621 of the Oklahoma Insurance Code,[7] Plaintiff served process against Defendant on July 26, 2019, via certified mail to the Insurance Commissioner.

Defendant received a copy of Plaintiff's Petition on July 30, 2019.[8] But it was Defendant's Texas-based subsidiary, USAA Casualty Insurance Company ("USAA CIC"), who subsequently removed this case to federal court invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). There is no dispute that, at the time Plaintiff filed suit, there was not complete diversity given that Plaintiff and Defendant are both citizens of Oklahoma.

Although not a named party in this action, USAA CIC claims that it, not USAA, is "the actual insurance carrier that issued the automobile policy to Plaintiff."[9] Specifically, in its Notice of Removal (Dkt. 1), USAA CIC maintains that Plaintiff had incorrectly

---

[5] *Id.* ¶¶ 7–9, at 2–3.

[6] *Id.* ¶¶ 8–9, at 3.

[7] *See generally* Okla. Stat. tit. 36, § 621(B) (2011) ("Service of [legal] process [other than a subpoena] against a foreign or alien insurer shall be made only by service of process upon the Insurance Commissioner.")

[8] USAA CIC's Notice of Removal (Dkt. 1) ¶ 2, at 1.

[9] *Id.* ¶ 13, at 3.

named USAA as Defendant, claiming a "misnomer," and that it was the correct defendant. After removing, USAA CIC filed a motion to substitute itself as the only proper defendant in this matter (Dkt. 5). In USAA CIC's view, the Court has subject matter jurisdiction, based on complete diversity amongst "the real parties at interest," namely Plaintiff, a citizen of Oklahoma, and Plaintiff's alleged insurer, USAA CIC, a citizen of Texas.

Plaintiff maintains that no mistake was made, that he chose to sue USAA, not USAA CIC, and that his choice is entitled to deference. As such, Plaintiff filed a motion to remand (Dkt. 7) and asserts that remand is appropriate for two related reasons. First, USAA CIC was not a party and, therefore, lacked the authority to remove this action to federal court. Second, according to Plaintiff, there is no basis for subject matter jurisdiction, as all of the actual parties in this action—Plaintiff and USAA—are Oklahoma residents. Plaintiff thereafter filed its Alternative Motion to Conduct Jurisdictional Discovery and for Stay of Ruling on Plaintiff's Motion to Remand and Brief in Support (Dkt. 8).

### *Legal Standard*

A federal district court must remand any removed case over which it lacks subject matter jurisdiction.[10] The burden rests on the removing party invoking the court's jurisdiction to demonstrate that the action was properly removed.[11] Because federal courts

---

[10] 28 U.S.C. § 1447(c).

[11] *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) (citing *United States ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999)); *Town of Freedom v. Muskogee Bridge Co.*, 466 F. Supp. 75, 77 (W.D. Okla. 1978).

4

are "limited tribunals," there is a presumption against jurisdiction over removed cases.[12]
Subject-matter jurisdiction cannot be waived and thus may be raised by the parties or the
court sua sponte at any time.[13]

### Discussion

This case should be remanded because jurisdictional allegations in the Notice of
Removal are inadequate to establish either the authority to remove or that diversity
jurisdiction exists.

Plaintiff correctly asserts that USAA CIC, a non-Defendant, lacks the authority or
standing to remove the case to federal court. USAA CIC contends that it is "the only real
and substantial party in interest to the UM/UIM dispute asserted by Plaintiff in his
Complaint."[14] Therefore, USAA CIC argues that it should have been named as Defendant
and removal is proper.  The Court disagrees.

Under 28 U.S.C. § 1441(a), only a defendant may remove a civil action from state
court to federal court. A non-party, even one that claims to be a real party in interest, lacks
the authority to institute removal proceedings.[15] Here, USAA CIC never properly became

---

[12] *Bd. of Cnty. Comm'rs v. Suncor Energy (U.S.A.) Inc.*, 965 F.3d 792, 814 (10th Cir. 2020)
(quoting *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094–95 (10th Cir. 2005)).

[13] *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

[14] USAA CIC's Response (Dkt. 10) at 6.

[15] *See Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 575 (5th Cir. 2006) ("[W]here
an entity has not properly been made a party in state court, removal jurisdiction cannot be
premised on its presence in the action."); *Hous. Auth. of City of Atlanta, Ga. v. Millwood*,
472 F.2d 268, 272 (5th Cir. 1973) (holding that, where removal is initiated by a non-party,
the district court is without subject matter jurisdiction).

a party in this action. As this Court has recognized, "any interpretation of the removal statute must be mindful that the term 'defendant' in removal statutes is narrowly construed."[16] By its plain language, the statute limits the right of removal to the "defendant" or "defendants."[17] Because USAA CIC was not named as a defendant in the state court case, it had no ability to remove or participate in the removal of this case. It should be noted that this is not a "misnomer" situation, where a party misnames or misidentifies the defendant. Plaintiff served as a defendant an entity—USAA—that exists and that he alleges is liable to him.[18] There is no authority under which USAA CIC could

---

[16] *Arguello Hope & Associates v. Penn Grand Ltd.*, CIV-15-998-R, 2015 WL 7460088, at *2 (W.D. Okla. Nov. 24, 2015) (quotation omitted).

[17] *See, e.g.*, *Gross v. Deberardinis*, 722 F. Supp. 2d 532, 534 (D. Del. 2010) (a nonparty, even one claiming to be a real party in interest, may not remove or participate in removal of a case); *American Home Assurance Co. v. RJR Nabisco Holding Corp.*, 70 F. Supp. 2d 296, 297-98 (S.D.N.Y. 1999) (nonparty that claimed to be the real party in interest could not remove case); *Sheppard v. Sheppard*, 481 F. Supp. 2d 345, 348 (D.N.J. 2007) (insurance carrier purporting to be an "additional defendant" could not remove case); *Juliano v. Citigroup, N.A.*, 626 F. Supp. 2d 317, 319 (E.D.N.Y. 2009) (nonparty lacked standing to invoke district court's removal jurisdiction).

[18] Moreover, Plaintiff, as the master of his complaint, is free to decide who to sue. *See De Jongh v. State Farm Lloyds*, 555 F. App'x 435, 438 (5th Cir. 2014) (observing that "[g]enerally, federal courts permit plaintiffs to craft their complaints . . . includ[ing] a plaintiff's decision as to which parties to sue"). The Court cannot ignore Plaintiff's choice to sue USAA. *See id.* (holding that district court lacked authority to disregard plaintiff's choice to sue named defendant instead of remover); *see also Garcia v. W&W-AFCO Steel LLC*, No. CIV-19-1035-R, 2020 WL 2251661, at *2 (W.D. Okla. May 4, 2020); (same); *Castillo v. Vista Living Communities*, Civ. No. 19-183 KG/SCY, 2–3 (D.N.M. Aug. 20, 2019) (same). As such, even if the Court believed USAA CIC is a proper defendant, the Court cannot simply substitute USAA CIC as the Defendant in order to allow this case to remain in federal court.

unilaterally appear in a case in which it was not named as a defendant and invoke the removal statute.

Consequently, the Court lacks subject matter jurisdiction over this lawsuit.[19] Further, USAA CIC—despite not having the authority to do so—attempted to remove this case invoking this Court's diversity jurisdiction, which requires among other things the parties be completely diverse. This means that "no plaintiff may be a citizen of the same state as any defendant."[20] Given that Plaintiff and USAA, the named Defendant in this case, are both Oklahoma residents, the Court lacks subject matter jurisdiction. As such, this case must be remanded.

### Conclusion

The Court lacks subject matter jurisdiction. Therefore, the Court **GRANTS** Plaintiff's Motion for Remand (Dkt. 7) and **REMANDS** this case to the District Court of Oklahoma County. Accordingly, USAA CIC's Motion to Substitute Proper Party Defendant (Dkt. 5) and Plaintiff's Alternative Motion to Conduct Jurisdictional Discovery and for Stay of Ruling on Plaintiff's Motion to Remand (Dkt. 8) are **DENIED AS MOOT**.

**IT IS SO ORDERED** this 11th day of June 2021.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[19] *Hous. Auth. of City of Atlanta*, 472 F.2d at 272.

[20] *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015).